**E-FILED**
Thursday, 03 July, 2014 03:52:53 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Bailey Kaloupek | ) | Law No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Western Illinois University, Dr. Jack Thomas, | ) | **COMPLAINT** |
| James Tommy Bell, Lisa Melz-Jennings, | ) | **AND JURY DEMAND** |
| Laura DeBruler, Bridget Murphy, and April | ) | |
| Hall | ) | |
| | | |
| Defendants. | | |

## COMPLAINT

Plaintiff, Bailey Kaloupek, by and through her attorney, Matthew Pappas of Pappas

Davidson O'Connor & Fildes, P.C., complains of the defendants as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Bailey Kaloupek (hereinafter "Kaloupek" or "Plaintiff") is a current student at
   Western Illinois University (hereinafter "WIU") who brings this action against
   Defendants Western Illinois University, Dr. Jack Thomas, James Tommy Bell, and April
   Hall to redress the Defendants' violations of the Rehabilitation Act of 1973, 29 U.S.C. §
   701 et al. and the Americans with Disabilities Act, 42 U.S.C. §12101 et al.

2. Defendants Western Illinois University, Dr. Jack Thomas, James Tommy Bell, and April
   Hall violated the Rehabilitation Act of 1973 and the Americans with Disabilities Act by
   denying Plaintiff the benefits of the volleyball program and subjecting her to other
   discrimination because of her disability.

3. Plaintiff seeks money damages and declaratory relief to redress Defendant's violations of law.

## **THE PARTIES**

4. Plaintiff is, and at all times material hereto has been, a citizen of the State of Iowa that resides in the State of Illinois.

5. At all times material hereto, Plaintiff was a person protected by the provisions of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act.

6. At all times material hereto, Plaintiff was a qualified individual with a disability.

7. Plaintiff is diagnosed with and suffers from anxiety and depression.

8. As a result of Plaintiff's depression, she is substantially limited in numerous activities, including, but not limited to, performing manual tasks, sleeping, learning, reading, concentrating, thinking, and communicating.

9. Plaintiff is an individual with a disability pursuant to 42 U.S.C. §12102 (1)(B) and (C).

10. Since the Fall of 2012 through and to the present, Plaintiff has been a student enrolled at WIU.

11. In the Fall of 2012, Plaintiff was a student enrolled at WIU and was a member on the women's volleyball team of said school.

12. Since the Fall of 2012 through and to the present, Plaintiff has been a member of the women's volleyball team at WIU.

13. Defendant Western Illinois University is a public university located in Macomb, Illinois which receives federal funding.

14. At all times material hereto, Defendants Dr. Jack Thomas, James Tommy Bell, and April Hall are citizens of the State of Illinois.

- 2 -

15. At all times material hereto, Defendant Dr. Jack Thomas ("Thomas") was the President of WIU.

16. As President of WIU, Defendant Dr. Jack Thomas was an agent, servant, and/or employee of Defendant WIU.

17. At all times material hereto, defendant James Tommy Bell was the Athletic Director for WIU.

18. As Athletic Director of WIU, Defendant James Tommy Bell was an agent, servant, and/or employee of Defendant WIU.

19. At all times material hereto, defendant Lisa Melz-Jennings ("Jennings") was the Assistant Athletics Director for Academic Services.

20. As Assistant Athletics Director for Academic Services, Jennings was an agent, servant, and/or employee of Defendant WIU.

21. At all times material hereto, defendant Laura DeBruler ("DeBruler") was the Assistant Coach for the women's volleyball team.

22. As Assistant Coach for the women's volleyball team, DeBruler was an agent, servant, and/or employee of Defendant WIU.

23. At all times material hereto, defendant Bridget Murphy ("Murphy") was the Assistant Coach for the women's volleyball team.

24. As Assistant Coach for the women's volleyball team, Murphy was an agent, servant, and/or employee of Defendant WIU.

25. At all times material hereto, Defendant April Hall was the head women's volleyball coach for WIU.

26. As Head Coach for the women's volleyball team, Defendant April Hall was an agent, servant, and/or employee of Defendant WIU.

## JURISDICTION AND VENUE

27. Plaintiff is a citizen of the State of Iowa and resides in the State of Illinois.

28. Defendants conduct business in the State of Illinois, including but not limited to the operation of a public university throughout the State of Illinois.

29. Jurisdiction of this court is proper pursuant to 28 U.S.C. §1331. Plaintiff brings this cause of action pursuant to Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act.

30. This Court has original jurisdiction over Plaintiff's cause of action pursuant to 28 U.S.C. §1343.

31. Venue is proper in the Central District of Illinois pursuant to 28 U.S.C. § 1391.

32. WIU recruits students and student-athletes from the State of Illinois and other states on a regular basis.

33. WIU engages in athletic competition in the State of Illinois and other states on a regular basis.

## BACKGROUND

34. In 2011, WIU recruited Plaintiff to play volleyball for the WIU women's volleyball team (hereinafter referred to as "The Team").

35.  WIU offered Plaintiff a full athletic scholarship to WIU, which she accepted.

36. Subsequently, Plaintiff enrolled in WIU as a freshman commencing in the Fall of 2012.

37.  At all times material hereto, Defendant Hall was the Head Coach of the women's volleyball team for WIU.

38.  On or about September 11, 2013, Plaintiff informed Defendant Hall that she suffered from depression.

39. On or about September 11, 2013, Plaintiff informed Defendant Hall that she suffered from anxiety.

40. On or about September 11, 2013, Plaintiff informed Defendant Hall that she was on medication as a result of her depression and anxiety.

41. Subsequent to September 11, 2013, Defendant Hall began treating Plaintiff negatively.

42. After informing Defendant Hall of Plaintiff's disability, Defendant Hall removed Plaintiff from her position on the women's volleyball team.

43. After informing Defendant Hall of Plaintiff's disability, Defendant Hall refused to explain why Plaintiff was removed from her position on the women's volleyball team.

44. After informing Defendant Hall of Plaintiff's disability, Defendant Hall began to berate Plaintiff in front of the women's volleyball team.

45. On or about September 14, 2013, Defendant Hall forced Plaintiff to meet with her publicly in the front of the gymnasium at the University of Iowa and thereafter raised her voice at Plaintiff, mocked her, and threatened to refuse to allow Plaintiff to play in her position ever again.

46. After informing Defendant Hall of Plaintiff's disability, Defendant Hall continuously harassed, embarrassed, and intimidated Plaintiff.

47. On or about September 16, 2013, Plaintiff complained to the Athletic Department at WIU about Defendant Hall's behavior.

48. Subsequent to September 16, 2013, Defendant Hall created an intimidating and hostile environment for Plaintiff.

49. Subsequent to September 16, 2013, Defendant Hall required Plaintiff and other members of the women's volleyball team to have a meeting to address "conflict."

50. Upon information and belief, prior to the meeting alluded to in Paragraph 39 above, Defendant Hall met individually with other team members from the women's volleyball team.

51. During the meeting alluded to in Paragraph 39 above, Defendant Hall allowed the individual team members she met with individually to berate, humiliate, and embarrass Plaintiff.

52. During the meeting alluded to in Paragraph 39 above, Defendant Hall orchestrated a personal attack on Plaintiff and allowed other members of the volleyball team to berate, humiliate and embarrass Plaintiff in violation of WIU's Code of Student Conduct, Anti-Harassment Policy and Student-Athlete Handbook.

53. Defendant Hall's aforementioned behavior towards Plaintiff violated Defendant Western Illinois University's Anti-Harassment Policy.

54. At the meeting alluded to in Paragraph 39 above, Plaintiff was visibly emotional for the duration of the meeting.

55. On or about August 23, 2013, Defendant Hall was made aware that Plaintiff had received a gift.

56. On or about August 23, 2013, Defendant Hall confirmed that the gift was not in violation of NCAA Rules or Regulations and informed Plaintiff she could keep the gift.

57. On or about September 19, 2013, Plaintiff attended a meeting with the Compliance Office.

58. During the meeting with the Compliance Office alluded to in Paragraph 46 above, Plaintiff was questioned about the gift she reported to Defendant Hall on August 23, 2013.

59. During the meeting with the Compliance Office alluded to in Paragraph 46 above, Plaintiff was informed that Defendant Hall had reported Plaintiff for receiving a gift.

60. Upon information and belief, Defendant Hall reported the potential NCAA violation on or about September 18, 2013.

61. During the meeting with the Compliance Office alluded to in Paragraph 46 above, Plaintiff was further informed that Defendant Hall had reported that Plaintiff received the gift on September 17, 2013, that Plaintiff reported the gift to Defendant Hall on September 17, 2013, and that Defendant Hall confronted Plaintiff about the gift on September 17, 2013.

62. Defendant Hall falsely reported Plaintiff's receipt of a gift on September 17, 2013 in retaliation for Plaintiff's reporting of her disability to Defendant Hall.

63.  Since Plaintiff reported her disability, Defendant Hall has been verbally and emotionally abusive to Plaintiff.

64. Upon information and belief, Defendants Bell and Thomas had actual knowledge of Defendant Hall's abusive conduct towards Plaintiff.

65. Upon information and belief, Defendants Bell and Thomas have done nothing to address Defendant Hall's conduct despite having actual knowledge.

66. Defendant Hall repeatedly and deliberately singled out Plaintiff amongst her peers.

67. Defendant Hall engaged in verbal abuse of Plaintiff.

68. As a result of Defendant Hall's abuse, Plaintiff has suffered a loss of self-esteem, a loss of love for volleyball, and has sought treatment.

69. Upon information and belief, Defendants WIU, Bell, and Thomas took no disciplinary action against Defendant Hall.

70. Defendant Hall is currently the Head Coach of the WIU women's volleyball team.

71. On or about September 16, 2013, Plaintiff complained to Lisa Melz-Jennings in the Western Illinois University's Office of Equal Opportunity and Access about Defendant Hall's behavior.

72. On or about September 16, 2013, Plaintiff filed a complaint of discrimination and retaliation against Defendant Hall in the Western Illinois University's Office of Equal Opportunity and Access that she felt she was being discriminated against on the basis of her disability.

73. Upon information and belief, Andrea Henderson (hereinafter "Henderson"), Director of the Office of Equal Opportunity and Access conducted an investigation of Plaintiff's complaint of discrimination and retaliation.

74. On or about December 6, 2013, Henderson issued her findings from the investigation which stated, in relevant part, that Defendant Hall's unequal treatment and adverse actions against Plaintiff constituted sufficient evidence of retaliation in violation of WUI's Anti-Harassment Policy.

**COUNT ONE - SECTION 504 of the REHABILIATATION ACT**

As for Count I of her Complaint, Plaintiff alleges as follows:

75. Plaintiff hereby realleges each and all of the foregoing allegations alleged in Paragraphs 1-70, above, as though fully set forth at length herein.

76. Subsequent to September 11, 2013 and continuing to the present, Plaintiff has been repeatedly and continually subjected to harassment based on her disability, disability discrimination, and retaliation at WIU.

77. Plaintiff has been subjected to harassing conduct, including, but not limited to:

    a.  Harassing and intimidating conduct;

    b.  Threatening comments;

    c.  Physically abusive conduct;

    d.  Publicly humiliating and embarrassing Plaintiff in front of her peers;

    e.  Demotion from her position on the women's volleyball team;

    f.  Refusal to allow Plaintiff to participate on the women's volleyball team;

78. On or about September 16, 2013, Plaintiff filed a complaint of discrimination and retaliation against Defendant Hall with WIU's Office of Equal Opportunity and Access.

79. After Plaintiff filed her complaint, Defendant Hall retaliated against Plaintiff by:

    a.  Making lewd and derogatory comments about Plaintiff;

    b.  Encouraging other members of the women's volleyball team to make disparaging comments about Plaintiff;

    c.  Directing another member of the women's volleyball team to throw a volleyball at Plaintiff, causing physical harm to Plaintiff;

    d.  Removing Plaintiff from her position on the women's volleyball team;

    e.  Refusing to allow Plaintiff to participate on the women's volleyball team;

    f.  Making false reports and accusations to the Compliance Office about Plaintiff;

g.  Falsely alleging Plaintiff violated NCAA Rules and Regulations;

80. Upon information and belief, Henderson, Director of the Office of Equal Opportunity and Access, conducted an investigation of Plaintiff's complaint of discrimination and retaliation.

81. On or about December 6, 2013, Henderson issued her findings from the investigation which stated, in relevant part, that Defendant Hall's unequal treatment and adverse actions against Plaintiff constituted sufficient evidence of retaliation.

82. Defendant Hall intimidated, threatened, coerced, and discriminated against Plaintiff as a means of interfering with her rights and privileges secured by Section 504 of the Rehabilitation Act.

83. As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has been excluded from participation on the women's volleyball team.

84. As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has been denied the benefits of the women's volleyball team.

85. As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has suffered emotional harm requiring treatment.

86. The Defendants' aforementioned conduct as described herein constitutes unlawful discrimination on the basis of disability.

87. The conduct of Defendants' has been willful, wanton, malicious, and with a reckless disregard of Plaintiff's rights under the law.

88. Defendants' conduct constitutes intentional discrimination on the basis of Plaintiff's disability.

89. Defendants' conduct constitutes irrational discrimination on the basis of Plaintiff's disability.

90. Plaintiff was intentionally singled out for differential treatment from others similarly situated without a rational basis.

91. As a direct and proximate result of the harassment, discrimination, and retaliation based on disability, Plaintiff suffered severe psychological harm, pain and suffering, loss of enjoyment of life, and was subjected to extreme humiliation and stress.

92. As a result of Defendants' conduct, Plaintiff has been damaged in that she has sought medical treatment for suffered mental anguish; emotional distress; loss of self-esteem; and Plaintiff has been otherwise damaged.

93. By reason of the totally outrageous conduct of Defendants, Plaintiff is entitled to recover punitive damages as well as actual damages, costs and attorneys' fees.

## COUNT TWO – AMERICANS WITH DISABILITIES ACT

As for Count II of her Complaint, Plaintiff alleges as follows:

94. Plaintiff hereby realleges each and all of the foregoing allegations alleged in Paragraphs 1-70, above, as though fully set forth at length herein.

95. Subsequent to September 11, 2013 and continuing to the present, Plaintiff has been repeatedly and continually subjected to harassment based on her disability, disability discrimination, and retaliation at WIU.

96. Plaintiff has been subjected to harassing conduct, including, but not limited to:

    a.   Harassing and intimidating conduct;

    b.   Threatening comments;

    c.   Physically abusive conduct;

    d.   Publicly humiliating and embarrassing Plaintiff in front of her peers;

    e.   Demotion from her position on the women's volleyball team;

    f.   Refusal to allow Plaintiff to participate on the women's volleyball team;

97. On or about September 16, 2013, Plaintiff filed a complaint of discrimination and retaliation against Defendant Hall with WIU's Office of Equal Opportunity and Access.

98. After Plaintiff filed her complaint, Defendant Hall retaliated against Plaintiff by:

    a.   Making lewd and derogatory comments about Plaintiff;

    b.   Encouraging other members of the women's volleyball team to make disparaging comments about Plaintiff;

    c.   Directing another member of the women's volleyball team to throw a volleyball at Plaintiff, causing physical harm to Plaintiff;

    d.   Removing Plaintiff from her position on the women's volleyball team;

    e.   Refusing to allow Plaintiff to participate on the women's volleyball team;

    f.   Making false reports and accusations to the Compliance Office about Plaintiff;

    g.   Falsely alleging Plaintiff violated NCAA Rules and Regulations;

99. Upon information and belief, Henderson, Director of the Office of Equal Opportunity and Access, conducted an investigation of Plaintiff's complaint of discrimination and retaliation.

100.     On or about December 6, 2013, Henderson issued her findings from the investigation which stated, in relevant part, that Defendant Hall's unequal treatment and adverse actions against Plaintiff constituted sufficient evidence of retaliation.

101.     Defendant Hall intimidated, threatened, coerced, and discriminated against Plaintiff as a means of interfering with her rights and privileges secured by the Americans with Disabilities Act and Americans with Disabilities Amendments Act of 2008.

102.     As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has been excluded from participation on the women's volleyball team.

103.     As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has been denied the benefits of the women's volleyball team.

104.     As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has suffered emotional harm requiring treatment.

105.     The Defendants' aforementioned conduct as described herein constitutes unlawful discrimination on the basis of disability.

106.     The conduct of Defendants' has been willful, wanton, malicious, and with a reckless disregard of Plaintiff's rights under the law.

107.     As a direct and proximate result of the harassment, discrimination, and retaliation based on disability, Plaintiff suffered severe psychological harm, pain and suffering, loss of enjoyment of life, and was subjected to extreme humiliation and stress.

108.     As a result of Defendants' conduct, Plaintiff has been damaged in that she has sought medical treatment for suffered mental anguish; emotional distress; self-esteem and her love for volleyball has been affected; and plaintiff has been otherwise damaged.

109.     By reason of the totally outrageous conduct of Defendants, Plaintiff is entitled to recover punitive damages as well as actual damages, costs and attorneys' fees.

110.     The Defendants have been reckless, careless and negligent in failing to properly supervise Defendant Hall; in failing to prevent Hall's abusive and outrageous behavior as

set forth herein; in failing to take remedial measures to protect Plaintiff from Defendant Hall; in failing to act in a careful and prudent manner as any reasonable person would have acted under the same or similar circumstances and otherwise took no action whatsoever to stop Defendant Halls' conduct and Defendants were otherwise negligent.

111.    Defendants' conduct constitutes intentional discrimination on the basis of Plaintiff's disability.

112.    Defendants' conduct constitutes irrational discrimination on the basis of Plaintiff's disability.

113.    Plaintiff was intentionally singled out for differential treatment from others similarly situated without a rational basis.

114.     As a result of Defendants' conduct and lack thereof, Plaintiff has been damaged in that she suffered mental anguish; emotional distress; loss of self-esteem; Plaintiff has been otherwise damaged.

115.    By reason of the totally outrageous conduct of the Defendants, Plaintiff is entitled to recover punitive damages as well as actual damages, costs and attorneys fees.

## COUNT THREE – VIOLATIONS OF THE EQUAL PROTECTION CLAUSE

As for Count III of her Complaint, Plaintiff alleges as follows:

116.    Plaintiff hereby realleges each and all of the foregoing allegations alleged in Paragraphs 1-70, above, as though fully set forth at length herein.

117.    Subsequent to September 11, 2013 and continuing to the present, Plaintiff has been repeatedly and continually subjected to harassment based on her disability, disability discrimination, and retaliation at WIU.

118.    Plaintiff has been subjected to harassing conduct, including, but not limited to:

  a.  Harassing and intimidating conduct;

  b.  Threatening comments;

  c.  Physically abusive conduct;

  d.  Publicly humiliating and embarrassing Plaintiff in front of her peers;

  e.  Demotion from her position on the women's volleyball team;

  f.  Refusal to allow Plaintiff to participate on the women's volleyball team;

119.    On or about September 16, 2013, Plaintiff filed a complaint of discrimination and retaliation against Defendant Hall with WIU's Office of Equal Opportunity and Access.

120.    After Plaintiff filed her complaint, Defendant Hall retaliated against Plaintiff by:

  a.  Making lewd and derogatory comments about Plaintiff;

  b.  Encouraging other members of the women's volleyball team to make disparaging comments about Plaintiff;

  c.  Directing another member of the women's volleyball team to throw a volleyball at Plaintiff, causing physical harm to Plaintiff;

  d.  Removing Plaintiff from her position on the women's volleyball team;

  e.  Refusing to allow Plaintiff to participate on the women's volleyball team;

  f.  Making false reports and accusations to the Compliance Office about Plaintiff;

  g.  Falsely alleging Plaintiff violated NCAA Rules and Regulations;

121.     Upon information and belief, Henderson, Director of the Office of Equal
Opportunity and Access, conducted an investigation of Plaintiff's complaint of
discrimination and retaliation.

122.     On or about December 6, 2013, Henderson issued her findings from the
investigation which stated, in relevant part, that Defendant Hall's unequal treatment and
adverse actions against Plaintiff constituted sufficient evidence of retaliation.

123.     Defendant Hall intimidated, threatened, coerced, and discriminated against
Plaintiff as a means of interfering with her rights and privileges secured by Equal
Protection Clause of the Fourteenth Amendment of the United States Constitution.

124.     As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has
been excluded from participation on the women's volleyball team.

125.     As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has
been denied the benefits of the women's volleyball team.

126.     As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has
suffered emotional harm requiring treatment.

127.     The Defendants' aforementioned conduct as described herein constitutes unlawful
discrimination on the basis of disability.

128.     The conduct of Defendants' has been willful, wanton, malicious, and with a
reckless disregard of Plaintiff's rights under the law.

129.     As a direct and proximate result of the harassment, discrimination, and retaliation
based on disability, Plaintiff suffered severe psychological harm, pain and suffering, loss
of enjoyment of life, and was subjected to extreme humiliation and stress.

130.     As a result of Defendants' conduct, Plaintiff has been damaged in that she has sought medical treatment for suffered mental anguish; emotional distress; self-esteem and her love for volleyball has been affected; and plaintiff has been otherwise damaged.

131.     By reason of the totally outrageous conduct of Defendants, Plaintiff is entitled to recover punitive damages as well as actual damages, costs and attorneys' fees.

132.     The Defendants have been reckless, careless and negligent in failing to properly supervise Defendant Hall; in failing to prevent Hall's abusive and outrageous behavior as set forth herein; in failing to take remedial measures to protect Plaintiff from Defendant Hall; in failing to act in a careful and prudent manner as any reasonable person would have acted under the same or similar circumstances and otherwise took no action whatsoever to stop Defendant Halls' conduct and Defendants were otherwise negligent.

133.     Defendants' conduct constitutes intentional discrimination on the basis of Plaintiff's disability.

134.     Defendants' conduct constitutes irrational discrimination on the basis of Plaintiff's disability.

135.     Plaintiff was intentionally singled out for differential treatment from others similarly situated without a rational basis.

136.      As a result of Defendants' conduct and lack thereof, Plaintiff has been damaged in that she suffered mental anguish; emotional distress; loss of self-esteem; Plaintiff has been otherwise damaged.

137.     By reason of the totally outrageous conduct of the Defendants, Plaintiff is entitled to recover punitive damages as well as actual damages, costs and attorneys' fees.

**JURL TRIAL DEMAND**

Plaintiff demands a trial by jury.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants to

recover for all of her damages, including damages for mental pain and suffering,

emotional pain, humiliation, inconvenience, aggravation of pre-existing

conditions, medical costs, punitive damages, litigation costs and attorneys' fees,

and any other equitable relief this Court deems just and proper.


Dated: July 3, 2014                    Respectfully submitted,



By: _/s/  **Matthew P. Pappas**
Matthew P. Pappas
Pappas Davidson O'Connor & Fildes, P.C.
1617 Second Avenue, Suite 300
Telephone: (309) 788-7110
Fax: (309) 788-2773
Email: mpappas@pdoflegal.com

ATTORNEYS FOR PLAINTIFF