**E-FILED**
Friday, 03 October, 2014  04:28:10 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BAILEY KALOUPEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   14-4060-SLD-JEH |
| | ) | |
| WESTERN ILLINOIS UNIVERSITY, | ) | |
| JACK THOMAS, JAMES TOMMY | ) | |
| BELL, LISA MELZ-JENNINGS, LAURA | ) | |
| DEBRULER, BRIDGET MURPHY and | ) | |
| APRIL HALL, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, WESTERN ILLINOIS UNIVERSITY, TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant, Western Illinois University, by and through its counsel, LISA MADIGAN, Attorney General for the State of Illinois, hereby responds to plaintiff's complaint.  In support thereof, the following statements are made.

### PRELIMINARY STATEMENT

1.     Plaintiff Bailey Kaloupek (hereinafter "Kaloupek" or "Plaintiff") is a current student at Western Illinois University (hereinafter (WIU) who brings this action against Defendants Western Illinois University, Dr. Jack Thomas, James Tommy Bell, and April Hall; to redress the defendants' violations of the Rehabilitation Act of 1973, 29 U.S.C. §701 et al. and the Americans with Disabilities Act, 42 U.S.C. §12101 et al.

**ANSWER:**  Defendant admits plaintiff is a current student at Western Illinois University and brings this action against defendants Western Illinois University, Dr. Jack Thomas, James Tommy Bell, and April Hall.  However, defendant denies any violation of the Rehabilitation Act of 1973 (29 U.S.C. §701 et al.), and the Americans with Disabilities Act (42 U.S.C. §12101, et al.) and therefore denies the remaining allegations contained in

¶1 of the complaint.

2.      Defendants Western Illinois University, Dr. Jack Thomas, James Tommy Bell, and April Hall violated the Rehabilitation Act of 1973 and the Americans with Disabilities Act by denying Plaintiff the benefits of the volleyball program and subjecting her to other discrimination because of her disability.

**ANSWER:** Defendant denies the allegations contained in ¶2 of plaintiff's complaint.

3.      Plaintiff seeks money damages and declaratory relief to redress Defendant's violations of law.

**ANSWER:**  Defendant denies plaintiff was damaged and that defendants violated plaintiff's rights.

## THE PARTIES

4.      Plaintiff is, and at all times material has been, a citizen of the State of Iowa that resides in the State of Illinois.

**ANSWER:**  Defendant admits the allegations contained in ¶4 of plaintiff's complaint.

5.      At all times material hereto, Plaintiff was a person protected by the provisions of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act.

**ANSWER:**  Defendant denies the allegations contained in ¶5 of the complaint.

6.      At all times material hereto, Plaintiff was a qualified individual with a disability.

**ANSWER:** The complaint is unclear as to what plaintiff claims she was qualified  to do or to what accommodations plaintiff believes she was entitled, and therefore defendant lacks knowledge or information sufficient to respond to the allegations contained in ¶6 of plaintiff's complaint.

7.      Plaintiff is diagnosed with and suffers from anxiety and depression.

2

**ANSWER:**  Defendant lacks knowledge or information sufficient to respond to the allegations contained in ¶7 of plaintiff's complaint.

8.      As a result of Plaintiff's depression, she is substantially limited in numerous activities, including, but not limited to, performing manual tasks, sleeping, learning, reading, concentrating, thinking, and communicating.

**ANSWER:**  Defendant lacks knowledge or information sufficient to respond to the allegations contained in ¶8 of plaintiff's complaint.

9.      Plaintiff is an individual with a disability pursuant to 42 U.S.C. §12102 (1)(B) and (C).

**ANSWER:**  Defendant lacks knowledge or information sufficient to respond to the allegations contained in ¶9 of plaintiff's complaint.

10.      Since the Fall of 2012 through and to the present, Plaintiff has been a student enrolled at WIU.

**ANSWER:**  Defendant admits the allegations contained in ¶10 of plaintiff's complaint.

11.      In the Fall of 2012, Plaintiff was a student enrolled at WIU and was a member on the women's volleyball team of said school.

**ANSWER:**  Defendant admits the allegations contained in ¶11 of plaintiff's complaint.

12.      Since the Fall of 2012 through and to the present, Plaintiff has been a member of the women's volleyball team at WIU.

**ANSWER:**  Defendant admits the allegations contained in ¶12 of plaintiff's complaint.

13.    Defendant Western Illinois University is a public university located in Macomb, Illinois which receives federal funding.

**ANSWER:**    Defendant admits the allegations contained in ¶13 of plaintiff's complaint.

14.    At all times material hereto, Defendants Dr. Jack Thomas, James Tommy Bell, and April Hall are citizens of the State of Illinois.

**ANSWER:**    Defendant admits the allegations contained in ¶14 of plaintiff's complaint.

15.    At all times material hereto, Defendant Dr. Jack Thomas ("Thomas") was the President of WIU.

**ANSWER:**  Defendant admits that Dr. Jack Thomas was the President of Western Illinois University commencing on July 1, 2011.  Defendant denies the remaining allegations contained in ¶15 of plaintiff's complaint.

16.    As President of WIU, Defendant Dr. Jack Thomas was an agent, servant, and/or employee of Defendant WIU.

**ANSWER:**    Defendant admits the allegations contained in ¶16 of plaintiff's complaint.

17.    At all times material hereto, defendant James Tommy Bell was the Athletic Director for WIU.

**ANSWER:**  Defendant admits that James Tommy Bell was the Athletic Director of Western Illinois University effective August 12, 2013.  Defendant denies the remaining allegations contained in ¶17 of plaintiff's complaint.

18.    As Athletic Director of WIU, Defendant James Tommy Bell was an agent,

4

servant, and/or employee of Defendant WIU.

**ANSWER:** Defendant admits the allegations contained in ¶18 of plaintiff's complaint.

19. At all times material hereto, defendant Lisa Melz-Jennings ("Jennings") was the Assistant Athletics Director for Academic Services.

**ANSWER:** Defendant admits that Lisa Melz-Jennings became an Assistant Athletic Director at Western Illinois University in 2011 and her duties included providing athletic academic support services. Defendant denies the remaining allegations contained in ¶19 of plaintiff's complaint.

20. As Assistant Athletics Director for Academic Services, Jennings was an agent, servant, and/or employee of Defendant WIU.

**ANSWER:** Defendant admits the allegations contained in ¶20 of plaintiff's complaint.

21. At all times material hereto, defendant Laura DeBruler ("DeBruler") was the Assistant Coach for the women's volleyball team.

**ANSWER:** Defendant admits Laura DeBruler was an assistant coach of the women's volleyball team at Western Illinois University commencing on February 11, 2013. Defendant denies the remaining allegations contained in ¶21 of plaintiff's complaint.

22. As Assistant Coach for the women's volleyball team, DeBruler was an agent, servant, and/or employee of Defendant WIU.

**ANSWER:** Defendant admits the allegations contained in ¶22 of plaintiff's complaint.

23. At all times material hereto, defendant Bridget Murphy ("Murphy") was the

5

Assistant Coach for the women's volleyball team.

**ANSWER:**   Defendant admits Bridget Murphy was an assistant coach of the women's volleyball team at Western Illinois University commencing on August 19, 2013. Defendant denies the remaining allegations contained in ¶23 of plaintiff's complaint.

24.    As Assistant Coach for the women's volleyball team, Murphy was an agent, servant, and/or employee of Defendant WIU.

**ANSWER:**   Defendant admits the allegations contained in ¶24 of plaintiff's complaint.

25.    At all times material hereto, Defendant April Hall was the head women's volleyball coach for WIU.

**ANSWER:**   Defendant admits April Hall was the head coach of the women's volleyball team at Western Illinois University commencing on March 7, 2012.  Defendant denies the remaining allegations contained in ¶25 of plaintiff's complaint.

26.    As Head Coach for the women's volleyball team, Defendant April Hall was an agent, servant, and/or employee of Defendant WIU.

**ANSWER:**   Defendant admits the allegations contained in ¶26 of plaintiff's complaint.

## JURISDICTION AND VENUE

27.    Plaintiff is a citizen of the State of Iowa and resides in the State of Illinois.

**ANSWER:**   Defendant admits the allegations contained in ¶27 of plaintiff's complaint.

28.    Defendants conduct business in the State of Illinois, including but not limited to the operation of a public university throughout the State of Illinois.

6

**ANSWER:**    Defendant admits the allegations contained in ¶28 of plaintiff's complaint.

29.    Jurisdiction of this court is proper pursuant to 28 U.S.C. §1331.  Plaintiff brings this cause of action pursuant to Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act.

**ANSWER:**    Defendant denies plaintiff is entitled to relief pursuant to the Rehabilitation Act on the Americans with Disabilities Act as alleged in ¶29 of plaintiff's complaint.  Defendant admits jurisdiction of the complaint is invoked pursuant to 28 U.S.C. §1331.

30.    This Court has original jurisdiction over Plaintiff's cause of action pursuant to 28 U.S.C. §1343.

**ANSWER:**  Defendant denies that plaintiff is entitled to relief, but admits that plaintiff has invoked jurisdiction pursuant to 28 U.S.C. §1343(a)(3).

31.    Venue is proper in the Central District of Illinois pursuant to 28 U.S.C. §1391.

**ANSWER:**  Defendant denies that plaintiff is entitled to relief, but admits that plaintiff has brought the instant action in the United States District Court for the Central District of Illinois.

32.    WIU recruits students and student-athletes from the State of Illinois and other states on a regular basis.

**ANSWER:**    Defendant denies the allegations contained in ¶32 of plaintiff's complaint.

33.    WIU engages in athletic competition in the State of Illinois and other states on a regular basis.

**ANSWER:** Defendant admits Western Illinois University has athletes and coaches who participate in athletic competitions within the State of Illinois and in States other than Illinois.

## BACKGROUND

34.     In 2011, WIU recruited Plaintiff to play volleyball for the WIU women's volleyball team (hereinafter referred to as "The Team").

**ANSWER:** Defendant denies that WIU recruited plaintiff to play on the WIU women's volleyball team, but admits that in 2011 a person connected with the WIU women's volleyball team offered plaintiff the opportunity to participate with the team.

35.     WIU offered Plaintiff a full athletic scholarship to WIU, which she accepted.

**ANSWER:** Defendant admits plaintiff was offered a one-year talent grant and tuition waiver with the opportunity of renewal and that plaintiff accepted the offer.

36.     Subsequently, Plaintiff enrolled in WIU as a freshman commencing in the Fall of 2012.

**ANSWER:** Defendant denies the allegations contained in ¶36 of plaintiff's complaint.

37.     At all times material hereto, Defendant Hall was the Head Coach of the women's volleyball team for WIU.

**ANSWER:** Defendant denies the allegations contained in ¶37 of plaintiff's complaint.

38.     On or about September 11, 2013, Plaintiff informed Defendant Hall that she suffered from depression.

**ANSWER:** Defendant denies the allegations contained in ¶38 of plaintiff's

complaint.

39.     On or about September 11, 2013, Plaintiff informed Defendant Hall that she suffered from anxiety.

**ANSWER:** Defendant denies the allegations contained in ¶39 of plaintiff's complaint.

40.     On or about September 11, 2013, Plaintiff informed Defendant Hall that she was on medication as a result of her depression and anxiety.

**ANSWER:**    Defendant denies the allegations contained in ¶40 of plaintiff's complaint.

41.     Subsequent to September 11, 2013, Defendant Hall began treating Plaintiff negatively.

**ANSWER:**    Defendant denies the allegations contained in ¶41 of plaintiff's complaint.

42.     After informing Defendant Hall of Plaintiff's disability, Defendant Hall removed Plaintiff from her position on the women's volleyball team.

**ANSWER:**    Defendant denies the allegations contained in ¶42 of plaintiff's complaint.

43.     After informing Defendant Hall of Plaintiff's disability, Defendant Hall refused to explain why Plaintiff was removed from her position on the women's volleyball team.

**ANSWER:**    Defendant denies the allegations contained in ¶43 of plaintiff's complaint.

44.     After informing Defendant Hall of Plaintiff's disability, Defendant Hall began to berate Plaintiff in front of the women's volleyball team.

**ANSWER:**    Defendant denies the allegations contained in ¶44 of plaintiff's

complaint.

45.     On or about September 14, 2013, Defendant Hall forced Plaintiff to meet with her publicly in the front of the gymnasium at the University of Iowa and thereafter raised her voice at Plaintiff, mocked her, and threatened to refuse to allow Plaintiff to play in her position ever again.

**ANSWER:**  Defendant admits that April Hall and plaintiff met near the front of the gymnasium at the University of Iowa on or about September 14, 2013.  Defendant denies the remaining allegations contained in ¶45 of plaintiff's complaint.

46.     After informing Defendant Hall of Plaintiff's disability, Defendant Hall continuously harassed, embarrassed, and intimidated Plaintiff.

**ANSWER:**  Defendant denies the allegations contained in ¶46 of plaintiff's complaint.

47.     On or about September 16, 2013, Plaintiff complained to the Athletic Department at WIU about Defendant Hall's behavior.

**ANSWER:** Defendant admits that on September 16, 2013, a complaint was made by Bailey Kaloupek or on her behalf to a member of the Western Illinois University Athletic Department.  Defendant denies the remaining allegations contained in ¶47 of plaintiff's complaint.

48.     Subsequent to September 16, 2013, Defendant Hall created an intimidating and hostile environment for Plaintiff.

**ANSWER:**  Defendant denies the allegations contained in ¶48 of plaintiff's complaint.

49.     Subsequent to September 16, 2013, Defendant Hall required Plaintiff and

other members of the women's volleyball team to have a meeting to address "conflict."

**ANSWER:** Defendant admits that Coach April Hall had meetings with members of the women's volleyball team prior to and after September 16, 2013, among which the topic of conflict may have been discussed.   Defendant denies the remaining allegations contained in ¶49 of plaintiff's complaint.

50.    Upon information and belief, prior to the meeting alluded to in Paragraph 39 above, Defendant Hall met individually with other team members from the women's volleyball team.

**ANSWER:** Defendant admits that Coach April Hall met individually with members of the women's volleyball team prior to and after September 16, 2013.

51.    During the meeting alluded to in Paragraph 39 above, Defendant Hall allowed the individual team members she met with individually to berate, humiliate, and embarrass Plaintiff.

**ANSWER:**   Defendant denies the allegations contained in ¶51 of plaintiff's complaint.

52.    During the meeting alluded to in Paragraph 39 above, Defendant Hall orchestrated a personal attack on Plaintiff and allowed other members of the volleyball team to berate, humiliate and embarrass Plaintiff in violation of WIU's Code of Student Conduct, Anti-Harassment Policy and Student-Athlete Handbook.

**ANSWER:**   Defendant denies the allegations contained in ¶52 of plaintiff's complaint.

53.    Defendant Hall's aforementioned behavior towards Plaintiff violated Defendant Western Illinois University's Anti-Harassment Polity.

**ANSWER:** Defendant denies the allegations contained in ¶53 of plaintiff's complaint.

54. At the meeting alluded to in Paragraph 39 above, Plaintiff was visibly emotional for the duration of the meeting.

**ANSWER:** Defendant denies the allegations contained in ¶54 of plaintiff's complaint.

55. On or about August 23, 2013, Defendant Hall was made aware that Plaintiff had received a gift.

**ANSWER:** Defendant denies the allegations contained in ¶55 of plaintiff's complaint.

56. On or about August 23, 2013, Defendant Hall confirmed that the gift was not in violation of NCAA Rules or Regulations and informed Plaintiff she could keep the gift.

**ANSWER:** Defendant denies the allegations contained in ¶56 of plaintiff's complaint.

57. On or about September 19, 2013, Plaintiff attended a meeting with the Compliance Office.

**ANSWER:** Defendant admits the allegations contained in ¶57 of plaintiff's complaint.

58. During the meeting with the Compliance Office alluded to in Paragraph 46 above, Plaintiff was questioned about the gift she reported to Defendant Hall on August 23, 2013.

**ANSWER:** Defendant admits that plaintiff had a meeting with the Compliance Officer on or about September 19, 2013, and was questioned about a gift she had received. Defendants deny the remaining allegations contained in ¶58 of plaintiff's

complaint.

59.    During the meeting with the Compliance Office alluded to in Paragraph 46 above, Plaintiff was informed that Defendant Hall had reported Plaintiff for receiving a gift.

**ANSWER:**  Defendant has insufficient knowledge to admit or deny the allegations contained in ¶59 of plaintiff's complaint.

60.    Upon information and belief, Defendant Hall reported the potential NCAA violation on or about September 18, 2013.

**ANSWER:** Defendant admits that Coach April Hall reported the gift plaintiff received and requested that a determination be made of whether the receipt of the gift was a violation of NCAA policy.

61.    During the meeting with the Compliance Office alluded to in Paragraph 46 above, Plaintiff was further informed that Defendant Hall had reported that Plaintiff received the gift on September 17, 2013, that Plaintiff reported the gift to Defendant Hall on September 17, 2013, and that Defendant Hall confronted Plaintiff about the gift on September 17, 2013.

**ANSWER:**  Defendant has insufficient knowledge to admit or deny what plaintiff was told during the meeting with the Compliance Officer.

62.    Defendant Hall falsely reported Plaintiff's receipt of a gift on September 17, 2013 in retaliation for Plaintiff's reporting of her disability to Defendant Hall.

**ANSWER:**    Defendant denies the allegations contained in ¶62 of plaintiff's complaint.

63.    Since Plaintiff reported her disability, Defendant Hall has been verbally and emotionally abusive to Plaintiff.

**ANSWER:** Defendant denies the allegations contained in ¶63 of plaintiff's complaint.

64.     Upon information and belief, Defendants Bell and Thomas had actual knowledge of Defendant Hall's abusive conduct towards Plaintiff.

**ANSWER:** Defendant denies the allegations contained in ¶64 of plaintiff's complaint.

65.     Upon information and belief, Defendants Bell and Thomas have done nothing to address Defendant Hall's conduct despite having actual knowledge.

**ANSWER:** Defendant denies the allegations contained in ¶65 of plaintiff's complaint.

66.     Defendant Hall repeatedly and deliberately singled out Plaintiff amongst her peers.

**ANSWER:** Defendant denies the allegations contained in ¶66 of plaintiff's complaint.

67.     Defendant Hall engaged in verbal abuse of Plaintiff.

**ANSWER:** Defendant denies the allegations contained in ¶67 of plaintiff's complaint.

68.     As a result of Defendant Hall's abuse, Plaintiff has suffered a loss of self-esteem, a loss of love for volleyball, and has sought treatment.

**ANSWER:** Defendant denies the allegations contained in ¶68 of plaintiff's complaint.

69.     Upon information and belief, Defendants WIU, Bell, and Thomas took no disciplinary action against Defendant Hall.

**ANSWER:** Defendant admits the allegations contained in ¶69 of plaintiff's complaint.

70.     Defendant Hall is currently the Head Coach of the WIU women's volleyball team.

**ANSWER:** Defendant admits the allegations contained in ¶70 of plaintiff's complaint.

71.     On or about September 16, 2013, Plaintiff filed a complaint of discrimination and retaliation against Defendant Hall in the Western Illinois University's Office of Equal Opportunity and Access that she felt she was being discriminated against on the basis of her disability.

**ANSWER:** Defendant denies the allegations contained in ¶71 of plaintiff's complaint.

72.     On or about September 16, 2013, Plaintiff filed a complaint of discrimination and retaliation against Defendant Hall in the Western Illinois University Office of Equal Opportunity and Access that she felt she was being discriminated against on the basis of her disability.

**ANSWER:**  Defendant denies the allegations contained in paragraph 72 of Plaintiff's Complaint.

73.     Upon information and belief, Andrea Henderson (hereinafter "Henderson"), Director of the Office of Equal Opportunity and Access conducted an investigation of Plaintiff's complaint of discrimination and retaliation.

**ANSWER:** Defendant admits the allegations contained in ¶73 of plaintiff's complaint.

15

74.     On or after December 6, 2013, Henderson issued her findings from the investigation which stated, in relevant part, that Defendant Hall's unequal treatment and adverse actions against Plaintiff constituted sufficient evidence of retaliation in violation of WIU's Anti-Harassment Policy.

**ANSWER:** Defendant denies that Henderson issued her finding from the investigation on December 6, 2013, but admits that the findings were issued after December 6, 2013.  Defendant further admits that the findings from the investigation stated, "The temporal proximity of the allegations of NCAA violation as well as the disparate treatment and adverse actions against Ms. Kaloupek is sufficient evidence of retaliation.  This is a violation of the University's Ant-Harassment Policy."  However, defendant denies that the investigation was complete; denies that the results of the investigation are accurate; and denies that the results of the investigation are relevant to the plaintiff's complaint.

## COUNT ONE - SECTION 504 of the REHABILITATION ACT

75.     Plaintiff hereby realleges each and all of the foregoing allegations alleged in Paragraphs 1-70, above, as though fully set forth at length herein.

**ANSWER:**  Defendant hereby repeats and realleges her answers to ¶¶1-70 as and for her answer to ¶75 to Count I of plaintiff's complaint.

76.     Subsequent to September 11, 2013 and continuing to the present, Plaintiff has been repeatedly and continually subject to harassment based on her disability, disability discrimination, and retaliation at WIU.

**ANSWER:**  Defendant denies the allegations contained in ¶76 of plaintiff's complaint.

16

77.    Plaintiff has been subjected to harassing conduct, including, but not limited to:

a.    Harassing and intimidating conduct;
b.    Threatening comments;
c.    Physically abusive conduct;
d.    Publicly humiliating and embarrassing Plaintiff in front of her peers;
e.    Demotion from her position on the women's volleyball team;
f.    Refusal to allow Plaintiff to participate on the women's volleyball team.

**ANSWER:**    Defendant denies the allegations contained in ¶77 of plaintiff's complaint.

78.    On or about September 16, 2013, Plaintiff filed a complaint of discrimination and retaliation against Defendant Hall with WIU's Office of Equal Opportunity and Access.

**ANSWER:** Defendant denies the allegations contained in ¶78 of plaintiff's complaint.

79.    After Plaintiff filed her complaint, Defendant Hall retaliated against Plaintiff by:

a.    Making lewd and derogatory comments about Plaintiff;
b.    Encouraging other members of the women's volleyball team to make disparaging comments about Plaintiff;
c.    Directing another member of the women's volleyball team to throw a volleyball at Plaintiff, causing physical harm to Plaintiff;
d.    Removing Plaintiff from her position on the women's volleyball team;
e.    Refusing to allow Plaintiff to participate on the women's volleyball team;
f.    Making false reports and accusations to the Compliance Office about Plaintiff;
g.    Falsely alleging Plaintiff violated NCAA Rules and Regulations.

**ANSWER:**    Defendant denies the allegations contained in ¶79 of plaintiff's complaint.

80.    Upon information and belief, Henderson, Director of the Office of Equal Opportunity and Access, conducted an investigation of Plaintiff's complaint of discrimination and retaliation.

17

**ANSWER:** Defendant admits the allegations contained in ¶80 of plaintiff's complaint.

81.    On or about December 6, 2013, Henderson issued her findings from the investigation which stated, in relevant part, that Defendant Hall's unequal treatment and adverse actions against Plaintiff constituted sufficient evidence of retaliation.

**ANSWER:** Defendant denies that Henderson issued her finding from the investigation on December 6, 2013, but admits that the findings were issued after December 6, 2013.  Defendant further admits that the findings from the investigation stated, "The temporal proximity of the allegations of NCAA violation as well as the disparate treatment and adverse actions against Ms. Kaloupek is sufficient evidence of retaliation.  This is a violation of the University's Ant-Harassment Policy."  However, defendant denies that the investigation was complete; denies that the results of the investigation are accurate; and denies that the results of the investigation are relevant to the plaintiff's complaint.

82.    Defendant Hall intimidated, threatened, coerced, and discriminated against Plaintiff as a means of interfering with her rights and privileges secured by Section 504 of the Rehabilitation Act.

**ANSWER:** Defendant denies the allegations contained in ¶82 of plaintiff's complaint.

83.    As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has been excluded from participation on the women's volleyball team.

**ANSWER:** Defendant denies the allegations contained in ¶83 of plaintiff's complaint.

84.     As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has been denied the benefits of the women's volleyball team.

**ANSWER:**   Defendant denies the allegations contained in ¶84 of plaintiff's complaint.

85.     As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has suffered emotional harm requiring treatment.

**ANSWER:**   Defendant denies the allegations contained in ¶85 of plaintiff's complaint.

86.     The Defendants' aforementioned conduct as described herein constitutes unlawful discrimination on the basis of disability.

**ANSWER:** Defendant denies the allegations contained in ¶86 of plaintiff's complaint.

87.     The conduct of Defendants' has been willful, wanton, malicious, and with a reckless disregard of Plaintiff's rights under the law.

**ANSWER:**   Defendant denies the allegations contained in ¶87 of plaintiff's complaint.

88.     Defendants' conduct constitutes intentional discrimination on the basis of Plaintiff's disability.

**ANSWER:**   Defendant denies the allegations contained in ¶88 of plaintiff's complaint.

89.     Defendants' conduct constitutes irrational discrimination on the basis of Plaintiff's disability.

**ANSWER:**   Defendant denies the allegations contained in ¶89 of plaintiff's complaint.

19

90.    Plaintiff was intentionally singled out for differential treatment from others similarly situated without a rational basis.

**ANSWER:** Defendant denies the allegations contained in ¶90 of plaintiff's complaint.

91.    As a result of Defendants' conduct, Plaintiff has been damaged in that she has sought medical treatment for suffered mental anguish; emotional distress, loss of self-esteem; and Plaintiff has been otherwise damages.

**ANSWER:** Defendant denies the allegations contained in ¶91 of plaintiff's complaint.

92.    As a result of Defendants' conduct, Plaintiff has been damaged in that she has sought medical treatment for suffered mental anguish; emotional distress; loss of self-esteem; and Plaintiff has been otherwise damaged.

**ANSWER:** Defendant denies the allegations contained in ¶92 of plaintiff's complaint.

93.    By reason of the totally outrageous conduct of Defendants, Plaintiff is entitled to recover punitive damages a well as actual damages, costs and attorneys' fees.

**ANSWER:** Defendant denies the allegations contained in ¶93 of plaintiff's complaint.

## COUNT TWO - AMERICANS WITH DISABILITIES ACT

94.    Plaintiff hereby realleges each and all of the foregoing allegations alleged in Paragraphs 1-70, above, as though fully set forth at length herein.

**ANSWER:** Defendant hereby repeats and realleges her answers to ¶¶1-70 as and for her answer to ¶94 to Count II of plaintiff's complaint.

20

95.     Subsequent to September 11, 2013 and continuing to the present, Plaintiff has been repeatedly and continually subjected to harassment based on her disability, disability discrimination, and retaliation at WIU.

**ANSWER:**   Defendant denies the allegations contained in ¶95 of plaintiff's complaint.

96.     Plaintiff has been subjected to harassing conduct, including, but not limited to:

a.     Harassing and intimidating conduct;
b.     Threatening comments;
c.     Physically abusive conduct;
d.     Publicly humiliating and embarrassing Plaintiff in front of her peers;
e.     Demotion from her position on the women's volleyball team;
f.     Refusal to allow Plaintiff to participate on the women's volleyball team.

**ANSWER:**   Defendant denies the allegations contained in ¶96 of plaintiff's complaint.

97.     On or about September 16, 2013, Plaintiff filed a complaint of discrimination and retaliation against Defendant Hall with WIU's Office of Equal Opportunity and Access.

**ANSWER:**   Defendant denies the allegations contained in ¶97 of plaintiff's complaint.

98.     After Plaintiff filed her complaint, Defendant Hall retaliated against Plaintiff by:

a.     Making lewd and derogatory comments about Plaintiff;
b.     Encouraging other members of the women's volleyball team to make disparaging comments about plaintiff;
c.     Directing another member of the women's volleyball team to throw a volleyball at Plaintiff, causing physical harm to Plaintiff;
d.     Removing Plaintiff from her position on the women's volleyball team;
e.     Refusing to allow Plaintiff to participate on the women's volleyball team;
f.     Making false reports and accusations to the Compliance Office about

Plaintiff;

g.       Falsely alleging Plaintiff violated NCAA Rules and Regulations.

**ANSWER:**   Defendant denies the allegations contained in ¶98 of plaintiff's complaint.

99.      Upon information and belief, Henderson, Director of the Office of Equal Opportunity and Access, conducted an investigation of Plaintiff's complaint of discrimination and retaliation.

**ANSWER:**   Defendant admits the allegations contained in ¶99 of plaintiff's complaint.

100.    On or about December 6, 2013, Henderson issued her findings from the investigation which stated, in relevant part, that Defendant Hall's unequal treatment and adverse actions against Plaintiff constituted sufficient evidence of retaliation.

**ANSWER:** Defendant denies that Henderson issued her finding from the investigation on December 6, 2013, but admits that the findings were issued after December 6, 2013.  Defendant further admits that the findings from the investigation stated, "The temporal proximity of the allegations of NCAA violation as well as the disparate treatment and adverse actions against Ms. Kaloupek is sufficient evidence of retaliation.  This is a violation of the University's Ant-Harassment Policy."  However, defendant denies that the investigation was complete; denies that the results of the investigation are accurate; and denies that the results of the investigation are relevant to the plaintiff's complaint.

101.    Defendant Hall intimidated, threatened, coerced, and discriminated against Plaintiff as a means of interfering with her rights and privileges secured by the Americans

with Disabilities Act and Americans with Disabilities Amendments Act of 2008.

**ANSWER:** Defendant denies the allegations contained in ¶101 of plaintiff's complaint.

102.   As a result Defendants' conduct based on Plaintiff's disability, Plaintiff has been excluded from participation on the women's volleyball team.

**ANSWER:** Defendant denies the allegations contained in ¶102 of plaintiff's complaint.

103.   As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has been denied the benefits of the women's volleyball team.

**ANSWER:** Defendant denies the allegations contained in ¶103 of plaintiff's complaint.

104.   As a result of Defendants' conduct based on Plaintiff's disability, Plaintiff has suffered emotional harm requiring treatment.

**ANSWER:** Defendant denies the allegations contained in ¶104 of plaintiff's complaint.

105.   The Defendants' aforementioned conduct as described herein constitutes unlawful discrimination on the basis of disability.

**ANSWER:** Defendant denies the allegations contained in ¶105 of plaintiff's complaint.

106.   The conduct of Defendants' has been willful, wanton, malicious, and with a reckless disregard of Plaintiff's rights under the law.

**ANSWER:** Defendant denies the allegations contained in ¶106 of plaintiff's complaint.

107.   As a direct and proximate result of the harassment, discrimination, and retaliation based on disability, Plaintiff suffered severe psychological harm, pain and suffering, loss of enjoyment of life, and was subjected to extreme humiliation and stress.

**ANSWER:**   Defendant denies the allegations contained in ¶107 of plaintiff's complaint.

108.   As a result of Defendants' conduct, Plaintiff has been damaged in that she has sought medical treatment for suffered mental anguish; emotional distress; self-esteem and her love for volleyball has been affected; and plaintiff has been otherwise damaged.

**ANSWER:**   Defendant denies the allegations contained in ¶108 of plaintiff's complaint.

109.   By reason of the totally outrageous conduct of Defendants, Plaintiff is entitled to recover punitive damages as well as actual damages, costs and attorneys' fees.

**ANSWER:**   Defendant denies the allegations contained in ¶109 of plaintiff's complaint.

110.   The Defendants have been reckless, careless and negligent in failing to properly supervise Defendant Hall; in failing to prevent Hall's abusive and outrageous behavior as set forth herein; in failing to take remedial measures to protect Plaintiff from Defendant Hall; in failing to act in a careful and prudent manner as any reasonable person would have acted under the same or similar circumstances and otherwise took no action whatsoever to stop Defendant Halls' conduct and Defendants were otherwise negligent.

**ANSWER:**   Defendant denies the allegations contained in ¶110 of plaintiff's complaint.

111.   Defendants' conduct constitutes intentional discrimination on the basis of

Plaintiff's disability.

**ANSWER:**    Defendant denies the allegations contained in ¶111 of plaintiff's complaint.

112.    Defendants' conduct constitutes irrational discrimination on the basis of Plaintiff's disability.

**ANSWER:**    Defendant denies the allegations contained in ¶112 of plaintiff's complaint.

113.    Plaintiff was intentionally singled out for differential treatment from others similarly situated without a rational basis.

**ANSWER:**    Defendant denies the allegations contained in ¶113 of plaintiff's complaint.

114.    As a result of Defendants' conduct and lack thereof, Plaintiff has been damaged in that she suffered mental anguish; emotional distress; loss of self-esteem; Plaintiff has been otherwise damaged.

**ANSWER:**    Defendant denies the allegations contained in ¶114 of plaintiff's complaint.

115.    By reason of the totally outrageous conduct of the Defendants, Plaintiff is entitled to recover punitive damages a well as actual damages, costs and attorneys fees.

**ANSWER:**    Defendant denies the allegations contained in ¶115 of plaintiff's complaint.

## AFFIRMATIVE DEFENSE

1.    Any award of punitive damages against Western Illinois University is against public policy.

## JURY DEMAND

Defendant, Western Illinois University, requests that this case be tried to a jury.

WHEREFORE, defendant, Western Illinois University,  respectfully requests that this honorable Court dismiss plaintiff's complaint with prejudice and enter judgment in favor of defendant, Western Illinois University, and against plaintiff.

Respectfully submitted,

WESTERN ILLINOIS UNIVERSITY,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Terence J. Corrigan
Assistant Attorney General
500 S. Second Street
Springfield, IL 62706
(217) 782-5819
Facsimile:  (217) 524-5091

Attorney for Defendant,

By:    s/Terence J. Corrigan
Terence J. Corrigan, #6191237
Assistant Attorney General
tcorrigan@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

BAILEY KALOUPEK,                          )
                                          )
            Plaintiff,                    )
                                          )
      vs.                                 )      No.   14-4060-SLD-JEH
                                          )
WESTERN ILLINOIS UNIVERSITY,              )
JACK THOMAS, JAMES TOMMY                  )
BELL, LISA MELZ-JENNINGS, LAURA           )
DEBRULER, BRIDGET MURPHY and              )
APRIL HALL,                               )
                                          )
            Defendants.                   )

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2014, I caused to be electronically filed the

foregoing Answer and Affirmative Defenses of Western Illinois University to Plaintiff's

Complaint and Jury Demand with the Clerk of Court using the CM/ECF system which will

send notification of such filing to the following:

Matthew P. Pappas
mpappas@pdoflegal.com

Karen L. McNaught
kmcnaught@atg.state.il.us

Respectfully submitted,

s/Terence J. Corrigan
Terence J. Corrigan
Assistant Attorney General
Attorney for Defendant
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-5819
Facsimile:  (217) 524-5091
kmcnaught@atg.state.il.us