IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Bailey Kaloupek<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Western Illinois University, Dr. Jack Thomas, James Tommy Bell, Lisa Melz-Jennings, Laura DeBruler, Bridget Murphy, and April Hall<br><br>　　　　Defendants. | )<br>)  Law No. 14-4060-SLD-JEH<br>)<br>)<br>)<br>)<br>)<br>)  **PLAINTIFF'S RESISTANCE TO**<br>)  **DEFENDANTS BELL, MELZ-JENNINGS,**<br>)  **DEBRULER AND MUPRHY'S MOTION**<br>)  **TO DISMISS**<br>) |

**PLAINTIFF'S RESISTANCE TO DEFENDANTS BELL, MELZ-JENNINGS, DEBRULER AND MURPHY'S MOTION TO DISMISS**

NOW COMES, Plaintiff, Bailey Kaloupek, by and through her attorney, Matthew Pappas of Pappas Davidson O'Connor & Fildes, P.C., and in response to Defendants Bell, Melz-Jennings, DeBruler and Murphy's Motion to Dismiss states as follows:

**I.       Count I and Count II**

Plaintiff filed a Complaint against Defendants James Bell, Lisa Melz-Jennings, Laura DeBruler and Bridget Murphy (hereinafter collectively referred to as "Defendants" for purposes of this motion only) for discriminating against Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et al. (hereinafter referred to as "ADA") and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et al. Defendants filed a Motion to Dismiss these claims, arguing (1) neither the Rehabilitation Act nor the ADA allow actions against individuals, and (2) the claims are redundant.

　　*A.   The Rehabilitation Act and ADA Claims are Properly Brought Against Defendants*

Section 504 of the Rehabilitation Act prohibits any program or activity receiving federal financial assistance from excluding a qualified individual with a disability from participating in

or receiving the benefits of the program or activity. 29 U.S.C. § 794(a). Section 504 further prohibits any program receiving federal financial assistance from subjecting a qualified individual with a disability to discrimination. Id. Because individual defendants do not receive federal aid, there is no individual liability under the Rehabilitation Act. Novak v. Bd. Of Trustees of Southern Ill. Univ., 2012 U.S. Dist. Lexis 149697 at *8 (S.D. Ill. 2012). Title II of the Americans with Disabilities Act prohibits public services programs and activities from discriminating against individuals with disabilities. 42 U.S.C. § 12131-12165. Like Section 504, the ADA does not allow for individual liability.

However, under *Ex parte Young*, a suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. Id., *citing* Will v. Dep't of State Police, 491 U.S. 58 (1989). The Seventh Circuit specifically authorizes suits against individuals in their official capacity for prospective injunctive relief under both the Rehabilitation Act and the ADA. Bruggeman v. Blagojevich, 324 F.3d 906, 913 (7th Cir. 2003). Plaintiff is a current student at Western Illinois University who has suffered continuous and ongoing harassment and exclusion from the women's volleyball program because of her disability. Because Counts I and II are brought against the individual defendants in their official capacities for ongoing and continuous constitutional violations and seeks prospective injunctive relief, Plaintiff properly brings Counts I and II of her Complaint against Defendants. Therefore, Defendants' Motion to Dismiss Counts I and II should be denied.

### B.  *Official Capacity Claims Under Section 504 and the ADA Are Not Redundant*

Defendants argue that any official capacity claims in Count I and II should be stricken as redundant. Defendants cite various cases purporting to support their argument that because a government entity is a party, the official capacity claims in Counts I and II of Plaintiff's

complaint may properly be dismissed as redundant. However, Defendants fail to cite a single case dismissing an ADA or Section 504 on the basis of redundancy. In fact, none of the cases relied upon by Defendants involve ADA or Section 504 claims. Rather, the authority provides redundancy as a basis for dismissing official capacity claims brought pursuant to §1983 only. Kentucky v. Graham, 473 U.S. 159, 162, n. 2 (1985) (stating that the case was analyzed as a §1983 action and that the Court's discussion is "not meant to express any view on suits brought under any provision of federal law other than §1983.").

The remainder of authority cited as support for Defendants' argument do not involve the Americans with Disabilities Act or Section 504. Sow v. Fortville Police Dep't., 636 F.3d 293 (7th Cir. 2011); Schmidling v. City of Chicago, 1 F.3d 494 (7th Cir. 1993); Brown v. City of Mounds, 2009 U.S. Dist. LEXIS 86844 (S.D. Ill. 2009); Ashcraft v. City of Crown Point, 2013 U.S. Dist. LEXIS 158003 (N.D. Ind. 2013). Further, as the aforementioned section of Plaintiff's brief explains, the Seventh Circuit specifically authorizes suits against individuals in their official capacities under both the ADA and Section 504. Bruggeman, 324 F.3d at 913. Therefore, Defendants' Motion to Dismiss the official capacity claims in Counts I and II should be denied.

## II.    Count III as to Individual Defendants

Defendants move to dismiss Count III as to Defendants Bell, Melz-Jennings, DeBruler and Murphy on the grounds that each is entitled to qualified immunity. Under § 1983, governmental officials, while acting under the color of state law, who deprive individuals of their constitutionally protected rights, are personally liable for damages. 42 U.S.C. § 1983. Personal capacity suits impose liability upon a government officer for actions taken under color of state law. Hafer v. Melo, 502 U.S. 21 (1991). On the merits, to establish personal liability in a §1983 action, it is enough for Plaintiff to show that the official, acting under color of state law, caused

the deprivation of a federal right. Id. at 25. In a personal-capacity suit, a plaintiff need not establish a connection to a governmental policy or custom. Id. As is made clear from Plaintiff's Complaint, each of the named Defendants either had actual knowledge of, participated in or acquiesced to the ongoing harassment, discrimination and retaliation which resulted in the deprivation of Plaintiff's federal right to be free from discrimination, harassment or retaliation by a program or activity which receives federal funds. The University's own Office of Equal Opportunity and Access found sufficient evidence of unequal treatment and adverse actions in violation of the University's Anti-Harassment Policy. As such, Plaintiff properly brings Count III against Defendants Bell, Melz-Jennings, DeBruler and Murphy for personal liability pursuant to Section 1983. Defendants' Motion to Dismiss Count III should be denied.

WHEREFORE, Plaintiff respectfully requests this Court deny Defendants' Motion to Dismiss filed by Bell, Melz-Jennings, DeBruler and Murphy and grant any other relief this Court deems just and proper.

Pappas Davidson O'Connor & Fildes, P.C.

By: /s/ Matthew P. Pappas
Matthew P. Pappas
PAPPAS DAVIDSON O'CONNOR &
FILDES, P.C.
1617 Second Avenue, Suite 300
Telephone: (309) 788-7110
Fax: (309) 788-2773
Email: mpappas@pdoflegal.com

ATTORNEY FOR PLAINTIFF

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that on October 27, 2014, I electronically filed Plaintiff's Resistance to the Motion to Dismiss filed by Defendants Bell, Melz-Jennings, DeBruler and Murphy with the Clerk of Court using the CM/ECF system, with such notification of filing being sent to the following:

Karen L. McNaught
kmcnaught@atg.state.il.us
Attorney for Defendants

Terence J. Corrigan
tcorrigan@atg.state.il.us
Attorney for Defendants

Respectfully Submitted,

By: **/s/   Matthew P. Pappas**
Matthew P. Pappas
Pappas Davidson O'Connor & Fildes, P.C.
1617 Second Avenue, Suite 300
Telephone: (309) 788-7110
Fax: (309) 788-2773
Email: mpappas@pdoflegal.com

ATTORNEY FOR PLAINTIFF