**E-FILED**
Wednesday, 19 August, 2015  11:23:38 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BAILEY KALOUPEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-04060-SLD-JEH |
| | ) | |
| WESTERN ILLINOIS UNIVERSITY, | ) | |
| JACK THOMAS, JAMES TOMMY BELL, | ) | |
| LISA MELZ-JENNINGS, LAURA | ) | |
| DEBRULER, BRIDGET MURPHY, and | ) | |
| APRIL HALL, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

In July 2014, Bailey Kaloupek filed a complaint, ECF No. 1, against Western Illinois University ("WIU"), Jack Thomas, James Tommy Bell, Lisa Melz-Jennings, Laura DeBruler, Bridget Murphy, and April Hall, alleging violations of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–718, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, as amended, and the Fourteenth Amendment's Equal Protection Clause. Now before the Court are Defendant Dr. Jack Thomas' Motion to Dismiss, ECF No. 12, and Defendants James Tommy Bell, Lisa Melz-Jennings, Laura DeBruler, and Bridget Murphy's Motion to Dismiss, ECF No. 14. For the below reasons, these motions are GRANTED.

**BACKGROUND[1]**

Plaintiff is and at all relevant times was a student at WIU. Plaintiff has been diagnosed with and suffers from anxiety and depression. Her depression substantially limits her ability to

---

[1] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp*., 665 F.3d 930, 934 (7th Cir. 2012) (citation omitted). Accordingly, the material set forth herein, unless otherwise noted, is based on allegations in the Complaint, ECF No. 1.

perform manual tasks, sleep, learn, read, concentrate, think, and communicate, among other activities.

WIU is a public university located in Macomb, Illinois.  It receives federal funding.  Dr. Thomas is and at all relevant times was the president of WIU.  Bell was, at all relevant times, WIU's athletic director.  Melz-Jennings is and was WIU's assistant athletics director for academic services.  Hall was the head coach of WIU's women's volleyball team, and DeBruler and Murphy were both assistant coaches.

In 2011, WIU recruited Kaloupek to play volleyball for WIU's women's volleyball team, offering her a full athletic scholarship.   She accepted the scholarship, and enrolled in WIU as a freshman in the fall of 2012.

On or around September 11, 2013, Plaintiff informed Hall that she suffered from anxiety and depression, and that she was on medication as a result of her disability.  Hall began to treat Kaloupek negatively, including berating her in front of the volleyball team and removing her from her position on the volleyball team without explanation.  Hall also forced Kaloupek "to meet with her publicly" in front of the University of Iowa's gymnasium on or around September 14, 2013, where Hall raised her voice at Plaintiff, mocked her, and threatened to refuse to allow Plaintiff to play in her position ever again.

Kaloupek complained to WIU's athletic department and to Melz-Jennings in WIU's Office of Equal Opportunity and Access about Hall's behavior on or around September 16, 2013. Kaloupek also filed a complaint of discrimination and retaliation against Hall with the Office of Equal Opportunity and Access on or around September 16, 2013, alleging that she was being discriminated against on the basis of her disability.

After Plaintiff complained, Hall required Plaintiff and the other members of the women's volleyball team to attend a meeting to address conflict.  During this meeting, Hall "orchestrated a personal attack on Plaintiff," and permitted members of the volleyball team to berate, humiliate, and embarrass Plaintiff.  Kaloupek became "visibly emotional" during the course of the meeting. Kaloupek believes that Hall met individually with these members of the volleyball team prior to the meeting.

On or around September 19, 2013, Kaloupek attended a meeting with the Compliance Office, during which she was informed that Hall had reported her for receiving a gift.  According to Plaintiff, Hall had been made aware that Kaloupek had received a gift on or around August 23, 2013.  Plaintiff further claims that on or around August 23, 2013, Hall confirmed that the gift was not in violation of NCAA Rules or Regulations, and informed Kaloupek that she could keep the gift.  Hall, however, told the Compliance Office that Kaloupek had received the gift on September 17, 2013, that Kaloupek had reported the gift to her on September 17, 2013, and that she had confronted Kaloupek about the gift on September 17, 2013.  Kaloupek believes that Hall falsely reported Kaloupek's receipt of a gift on September 17, 2013 in retaliation for Kaloupek filing a complaint against her.

In short, Kaloupek claims that, since informing Hall of her disability on or around September 11, 2013, Hall has "repeatedly and continually" harassed and discriminated against her because of her disability by, *inter alia*, engaging in harassing and intimidating conduct, making threatening comments, subjecting Kaloupek to physically abusive conduct, publicly humiliating and embarrassing Kaloupek in front of her peers, removing Kaloupek from her position on the women's volleyball team, and refusing to allow Kaloupek to play on the women's volleyball team.  Kaloupek further claims that, since filing her complaint against Hall,

3

Hall has retaliated against Kaloupek by, *inter alia*, making lewd and derogatory comments about Kaloupek; encouraging members of the volleyball team to make disparaging comments about Kaloupek; directing another member of the volleyball team to throw a volleyball at Kaloupek, causing Kaloupek physical harm; removing Kaloupek from her position on the volleyball team; refusing to allow Kaloupek to participate on the volleyball team; making false reports and accusations against Kaloupek to the Compliance Office; and falsely alleging that Kaloupek violated NCAA Rules and Regulation.

On December 6, 2013, Andrea Henderson, the Director of the Office of Equal Opportunity and Access, issued her findings from the investigation of Kaloupek's September 16, 2013 discrimination and retaliation complaint against Hall. The findings state that Hall's "unequal treatment and adverse actions" against Kaloupek "constituted sufficient evidence of retaliation in violation of W[IU]'s Anti-Harassment Policy."

Kaloupek filed a complaint with this Court in July 2014. The Complaint asserts three causes of action against each of the defendants: a Rehabilitation Act claim (Count I), an ADA claim (Count II), and an equal protection claim (Count III). Kaloupek later withdrew the equal protection claim as against Western Illinois University only. *See* Pl.'s Mot. Withdraw, ECF No. 17; Oct. 28, 2014 Text Order (granting motion to withdraw). The equal protection claim remains pending as against all other Defendants.

The Complaint alleges that, as a result of Defendants' conduct, she has "suffered severe psychological harm, pain and suffering, loss of enjoyment of life, and was subjected to extreme humiliation and stress." Kaloupek further alleges that she "has sought medical treatment for suffered mental anguish; emotional distress; loss of self-esteem; and . . . has been otherwise damaged." In relief, she seeks punitive damages, actual damages, and costs and attorneys' fees.

4

WIU and Hall have each filed answers and affirmative defenses to Kaloupek's complaint. *See* Def. WIU's Ans., ECF No. 10; Def. Hall's Ans., ECF No. 11. The remaining Defendants have filed motions to dismiss Kaloupek's complaint for failure to state a claim under Federal Rule of Procedure 12(b)(6), *see* Def. Thomas' Mot. Dismiss; Defs.' Mot. Dismiss—motions to which this Court now turns.

## DISCUSSION

### I.   Motion to Dismiss Standard

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). A court will dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether such a claim has been stated, a court should first identify pleadings that "because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). It should then take the remaining, well-pleaded factual allegations, "assume their veracity[,] and . . . determine whether they plausibly give rise to an entitlement to relief." *Id.* This means that a complaint must provide "allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (internal quotation marks omitted).

### II.   Defendants' Motions to Dismiss

Defendants maintain that dismissal of all three of Kaloupek's claims against them is proper. Def. Thomas' Mem. Supp. Mot. Dismiss ("Def. Thomas' Mem.") 1–2, ECF No. 13; Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mem.") 1–2, ECF No. 15. The Court agrees.

#### A.  Counts I and II (Individual Capacity)

Defendants argue that, to the extent Kaloupek is suing them in their individual capacities, her claims against them under the Rehabilitation Act and the ADA fail as a matter of law because neither the Rehabilitation Act nor the ADA contemplates individual capacity actions. Def. Thomas' Mem. 1–3; Defs.' Mem. 3–5.

Section 504 of the Rehabilitation Act and Title II of the ADA[2] both prohibit discrimination against individuals with disabilities. *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014). Section 504 of the Rehabilitation Act provides, in relevant part, that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Title II of the ADA similarly provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

As Plaintiff concedes, *see* Pl.'s Resp. to Def. Thomas' Mot. Dismiss 1–2, ECF No. 19; Pl.'s Resp. to Defs.' Mot. Dismiss 1–2, ECF No. 18, neither Section 504 of the Rehabilitation Act nor Title II of the Americans with Disabilities Act provides for individual liability, *Brewer v. Wisconsin Bd. of Bar Examiners*, 270 F. App'x 418, 421 (7th Cir. 2008) (Rehabilitation Act and ADA); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (Title II of ADA), *abrogated in part by Bruggeman v. Blagojevich*, 324 F.3d 906 (7th Cir. 2003); *see also Crockwell v. Dart*, No. 13 C 4880, 2013 WL 6796788, at *2 (N.D. Ill. Dec. 23, 2013) (dismissing claims against individual defendant in his individual capacity under both the Rehabilitation Act and the ADA).

---

[2] In their motions, Defendants assume that Count II is brought under Title II of the ADA. *See* Def. Thomas' Mem. 3 n.2; Defs.' Mem. 4–5 n.2. Kaloupek does not dispute, and, in fact, acknowledges, that Title II of the ADA applies to this action in her responses. *See* Pl.'s Resp. to Def. Thomas' Mot. Dismiss 2; Pl.'s Resp. to Defs.' Mot. Dismiss 2.

Accordingly, Counts I and II of the Complaint are DISMISSED WITH PREJUDICE as against Thomas, Bell, Melz-Jennings, DeBruler, and Murphy to the extent Kaloupek seeks to sue these Defendants in their individual capacities.

### B.  Counts I and II (Official Capacity)

Defendants argue that, to the extent Kaloupek is suing them in their official capacities, her claims against them under the Rehabilitation Act and the ADA should be stricken under Rule 12(f) as redundant of her claims against WIU.  Def. Thomas' Mem. 4; Defs.' Mem. 5–6.

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Accordingly, when the government entity is a party to the suit, the official capacity claim may properly be dismissed as redundant.  *Schmidling v. City of Chicago*, 1 F.3d 494, 495 n.1 (7th Cir. 1993); *see also* Fed. R. Civ. P. 12(f).

Here, Kaloupek argues that dismissal of Counts I and II as against Defendants in their official capacities is inappropriate because the Seventh Circuit in *Bruggeman*, 324 F.3d at 913, specifically authorizes suits against individuals in their official capacities under both the Rehabilitation Act and the ADA.  Pl.s' Resp. to Def. Thomas' Mot. Dismiss 3; Pl.'s Resp. to Defs.' Mot. Dismiss 3.  But Plaintiff's argument misunderstands the issue raised by Defendants in their briefing: whether suing a federally-funded public university and an official of that university in his official capacity is redundant.  Because the Rehabilitation Act and ADA obligations of Thomas, Bell, Melz-Jennings, DeBruler, and Murphy in this case are derivative of WIU's obligations, and any relief would come from WIU itself, the claims against Thomas, Bell, Melz-Jennings, DeBruler, and Murphy are redundant and unnecessary, and are DISMISSED WITH PREJUDICE.  *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) (holding district court correctly dismissed, *inter alia*, Rehabilitation Act and

ADA claims against individual defendants in their official capacity as redundant because plaintiffs also sued the school district for which individual defendants worked); *see also Michael M. v. Bd. of Educ. of Evanston Twp. High Sch. Dist. No. 202*, No. 09 C 797, 2009 WL 2258982 (N.D. Ill. July 29, 2009); *Kerry M. v. Manhattan School Dist. No. 114*, No. 03 C 9349, 2004 WL 2538303 (N.D. Ill. Sept. 28, 2004); Fed. R. Civ. P. 12(f).

### C.  Count III

Kaloupek complains that Thomas, Bell, Melz-Jennings, DeBruler, and Murphy violated her right to equal protection, as guaranteed by the Fourteenth Amendment, "in failing to properly supervise Defendant Hall; in failing to prevent Hall's abusive and outrageous behavior . . . ; in failing to act in a careful and prudent manner as any reasonable person would have acted under the same or similar circumstances and otherwise took no action whatsoever to stop Defendant Halls' [sic] conduct and Defendants were otherwise negligent."  Compl. ¶ 132.  Defendants, however, argue that Kaloupek's § 1983 equal protection claim should be dismissed because Kaloupek has pleaded no facts in support of her conclusory allegations that Defendants intentionally discriminated against her on the basis of her disability.  Def. Thomas' Mem. 4–6; Defs.' Mem. 6–8.  Defendants also argue that they are protected from liability by qualified immunity.  Def. Thomas' Mem. 6–9; Defs.' Mem 8–10.

To state a claim under § 1983, a plaintiff must allege that a government official, acting under color of state law, deprived her of a federally protected right.  *Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 459 (7th Cir. 2007) (per curiam).  In *Ashcroft v. Iqbal*, the Supreme Court clarified that, because vicarious liability is "inapplicable" to § 1983 suits, a plaintiff seeking to bring an equal protection claim against a supervisor "must plead that each [supervisor] defendant, through the official's own individual actions, has violated the Constitution."  556 U.S.

at 676. "In the equal protection context, this means showing that the supervisor, like the subordinate, intended to discriminate on the basis of a protected class." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010); *see also Locke v. Haessig*, No. 13-1857, 2015 WL 3528782, at * 6 (7th Cir. June 5, 2015) ("The supervisor is liable for undertaking a course of action only because of, not merely in spite of, the action's adverse effects upon an identifiable group.").

Here, Kaloupek has failed to set forth sufficient facts to plausibly support her § 1983 equal protection cause of action against Thomas, Bell, Melz-Jennings, DeBruler, and/or Murphy. With respect to Thomas and Bell, Kaloupek alleges only that Thomas is the President of WIU, Compl. ¶ 15, that Bell is the Athletic Director of WIU, *id.* ¶ 17, and that, at some unspecific point in time, they both knew about Hall's conduct but did not take disciplinary action against Hall or otherwise act to address the issue, *id.* ¶¶ 64–65, 69. Kaloupek alleges even less with respect to Melz-Jennings: that Melz-Jennings was the Assistant Athletics Director for Academic Services, *id.* ¶ 19, and that Kaloupek complained to Melz-Jennings about Hall's behavior, *id.* ¶ 71, at which point the Office of Equal Opportunity and Access began an investigation into Kaloupek's complaint, *id.* ¶ 73. And aside from identifying DeBruler and Murphy as assistant coaches for the women's volleyball team, *id.* ¶¶ 21, 23, the Complaint does not mention either of them. Such allegations are insufficient to plead intentional discrimination as required under *Iqbal*, and Count III of the Complaint is DISMISSED as against Thomas, Bell, Melz-Jennings, DeBruler, and Murphy, with leave to amend.

## CONCLUSION

For the above reasons, Defendant Dr. Jack Thomas' Motion to Dismiss, ECF No. 12, and Defendants James Tommy Bell, Lisa Melz-Jennings, Laura DeBruler, and Bridget Murphy's Motion to Dismiss, ECF No. 14, are GRANTED. Counts I and II of the Complaint, ECF No. 1,

are DISMISSED WITH PREJUDICE as against Thomas, Bell, Melz-Jennings, DeBruler, and

Murphy.   Count III is DISMISSED WITHOUT PREJUDICE as against Thomas, Bell, Melz-

Jennings, DeBruler, and Murphy.   To the extent that Plaintiff can cure the deficiencies with her

equal protection claim, the Court grants Plaintiff leave to file an amended complaint no later than

September 2, 2015.   Counts I and II remain pending against WIU, and Counts I–III remain

pending against Hall.

      Entered this 19th day of August, 2015.

s/ Sara Darrow

_____

SARA DARROW
UNITED STATES DISTRICT JUDGE